Coty, Inc., et al. v. Sun Ray Drug Co. et al.

*Harry Felix*, for plaintiffs; *Alexander Meigs Haig*, for defendants.

ALESSANDRONI, J., Jan. 7, 1931.—The bill in equity relates that Coty, Inc., of Delaware obtained all the rights, title and interest of Francois De Spoturno Coty, of Suresnes, France, to all trade-marks and patent rights and all rights to prepare, assemble, manufacture and distribute throughout the continent of North America certain aids to female charm, such as face powder, perfumes

and cognate toilet preparations. The Coty Processing Company, Inc., of New York had been given the right to prepare, assemble, manufacture and distribute throughout North America the above mentioned articles. On June 24, 1930, Coty, Inc., of Delaware transferred to Coty, Ltd., of Maryland the right to distribute the above mentioned products throughout North America. The word "Coty" has been registered in the United States Patent Office by the plaintiffs. The same has been done with the word "L'Origon." The plaintiffs during the past five years have expended over $10,000,000 in advertising "Coty" products. All of the Coty products are presented to the public in an artistic method, and the artistic presentation consists in the form of the bottle, the labeling of the packages and the preparation of the packages. It is alleged that this artistic method of presentation constitutes an important item of good-will. One of the articles so presented is a package containing face powder, a booklet called "Revealing Beauty," and a five-gram bottle of perfume essence, with a label designating the odor of the perfume and on the back showing the words "Sample Only" and "Not for Sale." This package is presented in a beautiful, interesting and artistic design. The sample perfume was always the same odor as the powder and the bottle is not prepared in the same artistic manner as regular bottles of Coty perfume. It is alleged that the Sun Ray Drug Company is a corporation located at No. 934 Market Street and No. 1518 Market Street, Philadelphia, and that the persons in absolute control, management and direction of the Sun Ray Drug Company's business affairs are William, Joseph and Jacob Raboff. The bill alleges that the defendants have broken open the sample packages, destroying the labels, pamphlets and all indications that the sample bottles are really samples, and the label indicating the name of the perfume. It is further alleged that the defendants have advertised 65-cent Coty's perfume at 29 cents and have employed an electric flasher sign reading "Coty's Regular 65c. Extracts 29c." The plaintiffs further complain that the defendants have displayed a sign stating "Present Conditions Have Compelled Manufacturers to Unload Nationally Advertised Merchandise at Unheard of Prices." It is alleged that such action on the part of the defendants is contrary to the inferred understanding and agreement set forth at the time the merchandise was purchased, because (a) the name of the perfume has been removed from the bottle, so that it is impossible for a purchaser to re-order it; (b) the sample bottle is not the kind, class, quality or grade which is made and sold by the plaintiffs as regular Coty products; (c) the destruction of the pamphlet "Revealing Beauty" deprives the plaintiffs of the good-will advertising; (d) the sale of the sample bottle as a regular bottle destroys the good-will built up by the plaintiffs through their regular packings; (e) the statement that the merchandise was worth 65 cents to 69 cents is misleading, untrue and is a fraud upon the purchasers, who are also led to believe that Coty has fixed that value; (f) the presentation of the Coty merchandise in the manner of the defendants is damaging to the plaintiffs' good-will, which is made up in large part by the quality and fineness of the manner of presentation to the public; (g) the statement "Present conditions have compelled manufacturers to unload nationally known merchandise. We pass these remarkable values on to you," is a fraudulent misrepresentation of fact, leading purchasers to believe that the plaintiffs were compelled to unload merchandise so that the product can be sold at such low prices, whereas in fact it is really just a sample; (h) and that the statements contained in the foregoing signs impugn the financial condition of the plaintiffs and damage its property rights. It is further complained that the destruction and removal of the

copyrighted words "Coty" and "L'Origon" placed upon the sample bottles is an infringement of the plaintiffs' property rights, and that the destruction and removal of the pamphlet is also an infringement of their property rights. The plaintiffs, therefore, request that an injunction issue, preliminary to hearing and perpetual thereafter, restraining the defendants from *(a)* advertising and selling the sample bottles as of the value of 69 or 65 cents, or under any sign which does not indicate that the bottle is a sample bottle only and is not intended for sale; *(b)* that the defendants be restrained from disposing of the bottles of perfume in any other manner than as a sample bottle; *(c)* that the defendants be enjoined from removing the labels on the sample bottles and selling them as regular goods; *(d)* that the defendants be restrained from advertising in any manner so as to indicate that the plaintiffs' merchandise has been purchased at cut prices because of market conditions; *(e)* that a mandatory injunction issue, ordering the defendants to deliver up to the court all sample bottles of perfume not previously sold; *(f)* that the defendants be compelled to pay damages; and *(g)* general relief.

Preliminary objections were filed to the bill, which will be considered in the order raised. The first objection is to the failure of the plaintiffs to set forth a copy of the contract, whereby Coty, Inc., of Delaware purchased the rights, trade-marks and patents from Francois De Spoturno Coty, of Suresnes, France. The basis of this objection is that this contract is the basis of the plaintiffs' right of action. This objection may be summarily dismissed, inasmuch as the contract which forms the basis of the objection does not constitute the basis of the plaintiffs' right of action against the defendants. The basis of the plaintiffs' right of action against the defendants as set forth in the bill are the acts of the defendants which are alleged to be destructive of the good-will of the plaintiff corporations.

The second objection is that there is a misjoinder of parties plaintiff, as neither Coty, Inc., of Delaware nor Coty Processing Company of New York has any interest in this proceeding. It is alleged that the basis of the plaintiffs' action is the improper sale and distribution of Coty products, in which only Coty, Ltd., has an interest. This objection is also invalid, for the reason that the acts complained of constitute items which are destructive of the good-will of Coty products, in which all three of the plaintiff corporations unquestionably have an interest. The destruction of the good-will naturally attendant upon Coty products will seriously interfere with the right of all three plaintiff companies, especially in view of the fact that the bill alleges that the plaintiffs have built up this good-will by the expenditure of over $10,000,000 in advertising and the care with which their products are marketed and prepared.

The third objection is to the failure of the plaintiffs to set forth the contracts between themselves. The basis of this contention is similar to that raised in the first objection. It is here alleged that the basis of the plaintiffs' action lies in the contracts between the three plaintiff companies. This objection is subject to the same answer made to the first objection. The contracts between the three plaintiff companies are simply alleged in the bill for the purpose of stating the basis of the plaintiffs' rights in their products and not as the basis of their suit. We again feel called upon to remark that the basis of the cause of action sued upon lies in the acts of the defendant which are alleged to be violative and destructive of the plaintiffs' good-will, in which they are all vitally interested.

The fourth objection is that the bill fails to set forth any cause of action against the individual defendants, William, Joseph and Jacob Raboff. It is

alleged that this constitutes a misjoinder of parties. Defendants argue that William, Joseph and Jacob Raboff are officers, directors and minority stockholders of the Sun Ray Drug Company, and that there is no act alleged against them personally other than as officers of the defendant corporation. In answer to this objection, we feel it pertinent to indicate that there is nothing in the bill itself which would support the allegation that the individual defendants are officers, directors or minority stockholders of the Sun Ray Drug Company, and to remark that the defendants are seeking to bring matters into the record which do not appear in the bill. The bill alleges that "the persons in the absolute control, management and direction of the said defendants, Sun Ray Drug Company's business and affairs, are William Raboff, Joseph Raboff and Jacob Raboff." Throughout the recital of the acts forming the basis of complaint the bill alleges that the defendants have performed those acts. In view of these allegations in the bill, it unquestionably appears that William, Joseph and Jacob Raboff, who are in absolute control of the management and direction of the Sun Ray Drug Company, also performed the acts of which the plaintiffs complain. The fourth objection, therefore, has no legal justification and should be dismissed.

The fifth objection alleges that the bill has not set forth any ground for equitable relief. The defendants argue that the basis of the plaintiffs' cause of action is unfair competition and that no such facts appear in the bill. Our examination of the bill, however, discloses that the basis of the plaintiffs' cause of action consists of items which are destructive and grossly abusive of the plaintiffs' good-will. The bill alleges that the defendants have destroyed the labels on packages and labels on sample bottles of perfume; that the defendants have advertised 65 and 69-cent Coty's extracts at 29 cents, whereas in fact those bottles were marked sample bottles and not to be sold; that the defendants have removed the labels stating that the aforesaid bottles are sample bottles and not to be sold, and have also removed the labels designating the odor of the perfume, which prevents the stimulus to sales which the plaintiffs intended to create by means of these sample bottles; that the defendants have displayed conspicuous signs that business conditions have compelled manufacturers to unload nationally advertised merchandise at unheard of prices, which the defendants are passing on to the public; that the aforesaid acts are contrary to the purpose of the plaintiffs in creating the package, and contrary to the inferred understanding and agreement as set forth at the time the merchandise was purchased; that the advertising of the sample bottles as regular goods is destructive of the plaintiffs' good-will in their artistic bottles and packages; that the destruction of the pamphlet "Revealing Beauty" is destructive of the value of the good-will advertising contained therein, and is contrary to the inferred and agreed understanding between the plaintiffs and defendants; that the destruction of the plaintiffs' packages also has the same effect; and that the destruction and removal of the copyrighted words "Coty" and "L'Origon" placed upon the plaintiffs' bottles are an infringement of the plaintiffs' property rights. These acts clearly constitute an impairment and destruction of the plaintiffs' good-will and property rights.

Trade-marks, trade names and the results of extensive advertising campaigns constitute elements of good-will which the courts will protect: Nims on Unfair Competition and Trade Marks (3rd ed., 1929), pages 50, 51. It is there stated that "every act on the part of another that unfairly injures or lessens this friendly attitude of the community may be the basis of court action looking to the protection of the good-will thus attacked." The highest

court of the United States has repeatedly held that good-will constitutes a property right which the courts will protect: Metropolitan National Bank *v.* St. Louis Dispatch Co., 149 U. S. 436. See, also, Sawilowsky *v.* Brown, 288 Fed. Repr. 533.

The acts complained of will unquestionably act in a destructive manner upon the good-will of the plaintiff corporations and will cause serious loss to the plaintiffs through the detrimental effect of those acts upon the favor with which the public now views the nationally advertised Coty products.

The sixth objection is to the allegations of the bill that the destruction of the advertising matter in the package is "contrary to the original desire and the inferred and agreed understanding between the said defendants and the said orators" (25 C) and that the actions of the defendants are "contrary to the said inferred understanding and agreement as set forth at the time of purchase of the said merchandise" (page 25). The defendants complain that this language avers an agreement between the parties which should be set out in detail with all its terms and a statement as to whether the agreement was oral or in writing. Page 25 avers that there was an inferred understanding and agreement at the time of purchase of the merchandise. An inferred understanding and agreement is not subject to precise definition or terminology and cannot be set forth in detail. The averment in page 25 C that the defendants' acts are contrary to an inferred and agreed understanding also does not lend itself to precise terms or exact definition. An inferred understanding is not a specific contract the details of which can be set forth. An agreed understanding is also of the same quality. Any understanding does not lend itself to precise definition and exactitude. The production of a copy of such an understanding would be impossible and an objection based upon a request for the performance of an impossible act cannot be supported. It is also significant to note, however, that the acts complained of constitute violations of the plaintiffs' property rights by operation of law without the necessity of setting forth any contractual basis.

The seventh objection consists of an intricate and technical argument that an assignment of the patents, trade-marks and trade names of Francois De Spoturno Coty is a nullity because it is not accompanied by an assignment of the good-will. This objection does not take into consideration the other allegations of paragraph 3, which, in addition to averring that Francois De Spoturno Coty transferred his trade-marks and trade names to Coty, Inc., of Delaware, also avers that Coty transferred to Coty, Inc., of Delaware "all rights to prepare, assemble, manufacture and distribute throughout the continent of North America . . ." perfumes and toilet preparations. The agreement in question not only transferred trade-marks and patent rights but transferred as well all rights to prepare, assemble, manufacture and distribute Coty products throughout the United States and Canada. Such rights constitute in effect a transfer of the good-will of Coty in North America without the necessity of the express use of the word "good-will."

The eighth objection, namely, that the bill seeks to secure a monopoly and to restrain legitimate competition, may be summarily dismissed. The argument made that the defendants purchased the products and can sell them at any price they see fit totally avoids the allegations of the bill regarding the destruction of the Coty and L'Origon labels and the removal of the labels stating that the bottle is a sample bottle only and is not intended for sale. It also avoids the allegation made by the plaintiffs that the defendants have represented these sample bottles as being 65 and 69-cent Coty bottles which they are selling for 29 cents. Such statements are a fraud upon the public and

504

the plaintiff companies and constitute unfair practices which are detrimental to the welfare of the plaintiffs. Such practices do not, in the mind of the court, constitute legitimate competition among retail merchants which the plaintiffs are seeking to restrain.

The ninth and final objection is that the plaintiffs are not coming into equity with clean hands, as the allegations of the bill and the testimony show that the products are manufactured in America by American corporations and sold to the public as products of France. This objection is based upon allegations which the defendants claim were produced at the hearing in court. Such testimony cannot be considered in a discussion of the preliminary objections to the bill, which must limit itself to the allegations therein contained. There is nothing in the bill to indicate that the plaintiffs are deceiving the public. In fact, the agreement between Coty of France and Coty, Inc., of Delaware conferred the right upon Coty, Inc., of Delaware to use the name and trade-marks of Coty of France and prepare, assemble, manufacture and distribute certain perfumes and toilet preparations. There is nothing in the bill that would indicate that the plaintiffs are not complying with their agreement or are foisting articles on the American public under false representations. The contract merely constitutes Coty, Inc., of Delaware an American company with full charge of the preparation and distribution of Coty products on this side of the Atlantic Ocean.

And now, to wit, Jan. 7, 1931, preliminary objections to the bill in equity are dismissed and the defendants are ordered to file an answer thereto within fifteen days of the filing of this opinion.